STROUD, Judge.
 

 *136
 
 Plaintiff appeals the trial court's order vacating two arbitration awards. Because defendant waived his right to challenge the alleged error of the arbitrator under the terms of the arbitration agreement, the trial court erred by vacating the arbitration awards based upon that alleged error, so we reverse and remand.
 

 I. Background
 

 In 1986 the parties were married and in 1992 they had a daughter, Sue.
 
 [1]
 
 In 2009 the parties separated. In March of 2010, plaintiff filed a
 
 *137
 
 complaint against defendant requesting equitable distribution. On 20 April 2010, defendant answered plaintiff's complaint and counterclaimed for equitable distribution, post-separation support and alimony, and attorney's fees. On 16 November 2010, the trial court entered an order awarding post-separation support to defendant; this order is not at issue on appeal.
 

 On 15 June 2011, the parties entered into a consent order to arbitrate their remaining claims. The consent order set out the "conditions
 
 *620
 
 and provisions" for the arbitration. Prior to arbitration, in August of 2011, Sue's psychologist requested that defendant not be present when Sue, then 19 years old, testified, due to mental health concerns for Sue. Defendant refused to consent to Sue's psychologist's request. Plaintiff's attorney then requested that Sue's testimony be taken outside of the presence of all of the parties. The arbitrator granted the request and took Sue's testimony outside of the presence of both parties, although counsel for both parties were present. Defendant's counsel did a direct examination and a re-direct examination of Sue. On or about 30 August 2011, the arbitrator entered two decisions regarding (1) alimony and attorney's fees and (2) equitable distribution; the substance of these decisions is not challenged on appeal.
 

 On 23 September 2011, defendant filed a motion to vacate the arbitration awards because the arbitrator had taken testimony from Sue outside the presence of the parties in contravention of the terms set forth in the consent order which required (1) compliance with the Rules of Civil Procedure and Evidence which mandate witness testimony to be taken in open court and (2) that all parties shall be present during witness testimony. In November of 2011, plaintiff moved to confirm the arbitration awards. On 12 November 2014, the trial court vacated the arbitration decisions, thus effectively allowing defendant's motion to vacate the arbitration decisions and denying plaintiff's motion to confirm the arbitration awards.
 
 [2]
 
 The trial court reasoned that pursuant to North Carolina General Statute § 50-54 the arbitrator had "exceeded his powers under the Consent Order" and "committed an error of law" by excluding defendant from Sue's testimony. Plaintiff appeals the trial court order vacating the arbitration decisions.
 

 II. Arbitration
 

 Plaintiff argues that "the trial court erred by vacating the arbitration awards because ... [defendant] waived his right to be present during
 
 *138
 
 the testimony of ... [Sue] and his right to seek vacation of the award." (Original in all caps.) "The standard of review of the trial court's vacatur of the arbitration award is the same as for any other order in that we accept findings of fact that are not clearly erroneous and review conclusions of law
 
 de novo.
 
 "
 
 Carpenter v. Brooks,
 

 139 N.C.App. 745
 
 , 750,
 
 534 S.E.2d 641
 
 , 645 (citations and quotation marks omitted),
 
 disc. review denied,
 

 353 N.C. 261
 
 ,
 
 546 S.E.2d 91
 
 (2000). North Carolina General Statute § 50-54 provides that
 

 [u]pon a party's application, the court shall vacate an award for any of the following reasons:
 

 ....
 

 (3) The arbitrators exceeded their powers;
 

 ....
 

 (8) If the parties contract in an arbitration agreement for judicial review of errors of law in the award, the court shall vacate the award if the arbitrators have committed an error of law prejudicing a party's rights.
 

 N.C. Gen.Stat. § 50-54(a)(3), (8) (2011). In the consent order, the parties specifically agreed that the trial court could conduct review of errors of law pursuant to North Carolina General Statute § 50-54(a)(8).
 

 Defendant contended in his motion to vacate the award that the taking of testimony from Sue without his presence was beyond the power of the arbitrator under both the consent order and applicable law and that the taking of testimony without his presence was an error of law prejudicing his rights. "An arbitrator's ability to act is both created and limited by the authority conferred on him by the parties' private arbitration agreement."
 
 Faison & Gillespie v. Lorant,
 

 187 N.C.App. 567
 
 , 573,
 
 654 S.E.2d 47
 
 , 51 (2007). Both parties agree that the current dispute is controlled by the consent order which governs the parties' arbitration. Paragraph 15(c) of the consent order provides that the parties will abide by the Rules of Civil Procedure and Evidence; as a general rule, these rules require testimony be taken
 
 *621
 
 in open court in the presence of the parties.
 
 See
 
 N.C. Gen.Stat. § 1A-1, Rule 43(a) ;
 
 see also
 
 § 8C-1, Rules 615, 616 (2011). Defendant argues that the very next sentence of the consent order in paragraph 15(d) states, "Evidence shall be taken in the presence of the arbitrator and all parties[.]" Yet defendant ignores the last half of the sentence; paragraph 15(d) in its entirety reads: "Evidence shall be taken in the presence of the arbitrator and all parties,
 
 except
 

 *139
 

 where
 
 a party is absent in default or
 
 has waived the right to be present.
 
 " (Emphasis added.) Paragraph 20 of the consent order then explains how a party may waive a right:
 

 A party who proceeds with the arbitration after knowledge that a provision or requirement of this consent order has not been complied with and
 
 who fails to object in writing shall be deemed to have waived the right to object. An objection must be timely filed with the arbitrator with a copy sent to the other party.
 

 (Emphasis added.)
 

 The evidence establishes that by 10 August 2011 defendant had "knowledge" of Sue's psychologist's request that Sue be allowed to present testimony out of the presence of the parties because his attorney emailed plaintiff's attorney on this day that defendant "feels that [Sue] can testify in front of h[im] and [plaintiff,] and won't consent to lawyers only." Defendant's attorney's email was in writing, but it was not filed with the arbitrator, so it cannot qualify as a written objection under paragraph 20 of the consent order. Defendant was also aware that plaintiff intended to move
 
 in limine
 
 that Sue be allowed to testify outside the presence of the parties, as her attorney emailed defendant's attorney the day before the arbitration: "I plan to make a pretrial motion on this matter to exclude the parties for the mental health of their child. You are certainly entitled to put on your defense." In addition, on 11 August 2011, after defendant had knowledge of the request regarding Sue's testimony, the parties entered into a "FINAL PRETRIAL ORDER" by agreement. The final pretrial order identified Sue as one of the witnesses defendant intended to call to testify but does not note any issue regarding the circumstances of her testimony.
 

 Defendant's first written "objection," other than the email to plaintiff's attorney, regarding the conditions of Sue's testimony occurs on 23 September 2011 in his motion to vacate the arbitration award, but defendant's 23 September 2011 "writing" was not "filed with the arbitrator" but rather with the trial court and came only after the arbitration was complete. Defendant never made any written request or objection which was filed with the arbitrator about Sue's testimony prior to or during the arbitration. In fact, the arbitration began on 11 August and did not resume until 17 August, but defendant still failed to file any written objection during that time or when the arbitration resumed. We also note that defendant had a right under the consent order to have the arbitration proceedings recorded, but he did not elect to do so and we have
 
 *140
 
 no record of the discussion, if any, which occurred at arbitration regarding defendant's objection to the manner of Sue's testimony, the arbitrator's response, or Sue's testimony.
 
 [3]
 

 The trial court found that defendant had raised an oral objection to Sue's testimony outside of his presence at the arbitration hearing, and that no written objection was required:
 

 The Defendant did not halt the proceeding or file a written objection as required by Paragraph 20 of the Consent Order to Arbitrate. It was not necessary for the Defendant to halt the proceeding or file a written objection. His oral objection was enough to satisfy this requirement because the Plaintiffs motion in limine was made
 
 *622
 
 orally just prior to the commencement of the hearing.
 

 This appeal raises a question of law, since it depends upon interpretation of the consent order, which we review
 
 de novo. See
 

 Carpenter v. Brooks,
 

 139 N.C.App. at 750
 
 ,
 
 534 S.E.2d at 645
 
 . We conclude that the trial court erred by disregarding the plain terms of paragraph 20 in its conclusion that an oral objection was sufficient. We conclude further that defendant waived his right to be present for Sue's testimony by his failure to timely file a written objection with the arbitrator pursuant to paragraph 20. Having concluded that defendant did waive his right to raise an objection as to how Sue's testimony was taken, we turn to defendant's brief which focuses on a series of related arguments as to why the trial court order should be affirmed. We address each in turn.
 

 A. Paragraph 11 of the Consent Order
 

 Defendant argues that the arbitrator did not have the power to exclude him as a party, from the testimony of a witness, based upon paragraph 11 of the consent order which provides, "The arbitrator shall have the power to require exclusion of any witness, other than a party, his or her lawyer or other essential person, during any other witness's testimony." We agree with defendant that both paragraphs 11 and 15 give
 
 *141
 
 the parties a right to be present during all testimony and that the arbitrator should not have excluded him from Sue's testimony. But defendant's argument based upon paragraph 11 is still defeated by paragraph 20, since defendant was required to make a timely written objection if he believed the arbitrator was conducting the hearing improperly. Even if defendant made an oral objection, as the trial court found, the consent order required a timely written objection filed with the arbitrator.
 

 B. Deviation from Standard Arbitration Terms
 

 Defendant argues that because the Rules of Civil Procedure and Evidence were to govern the hearing, both of which generally require parties to be present during witness testimony, the Consent Order "deviat[ed] significantly from standard arbitration practice[.]" We agree that the Rules of Civil Procedure and Evidence do generally give parties the right to be present during all witness testimony, but the parties elected to draft an arbitration agreement and to conduct the arbitration under the terms they established. Defendant's argument emphasizes the importance of paragraph 20's requirement that a timely written objection be filed with the arbitrator.
 

 C. Absurd Results
 

 Defendant argues that "Plaintiff's argument distorts Paragraph 20 completely and would lead to absurd results" and then provides an example of a party having to halt proceedings in order to file a written motion during a witness's testimony regarding hearsay. Defendant then proposes that paragraph 20 applies only to certain types of objections that are "fundamental to the scope or propriety of arbitration[,]" arguing:
 

 Instead, Paragraph 20 is properly interpreted to contemplate objections that can be made in advance of arbitration that are fundamental to the scope or propriety of arbitration. Requiring these types of objections to be in writing and providing for a waiver if the objecting party proceeds with arbitration without asserting the objection in writing serves two purposes: (1) it allows the parties to obtain a ruling from the trial court on the issue before the commencement of arbitration, after which the trial court would abstain from exercising jurisdiction, and (2) it prevents unfairness to the non-objecting party who proceeds with arbitration-and obtains a favorable award-without notice of a fundamental objection from the other party that could undo the entire award.
 

 *142
 
 Although Paragraph 20 does not limit its provisions to certain kinds of objections, even assuming defendant's argument was correct, he certainly had the opportunity to "obtain a ruling from the trial court on the issue before the commencement of arbitration[.]" We note that such a request would require that defendant file some sort of written motion or objection with the trial court. Under the consent order, defendant would not have had
 
 *623
 
 to file anything with the trial court, but only with the arbitrator, in order to preserve his objections. Defendant was aware of the plaintiff's intent to file a motion
 
 in limine
 
 prior to arbitration and still failed to make any sort of written objection. As to the second part of defendant's argument, requiring a written objection, under paragraph 20, "prevents unfairness to the non-objecting party"-here plaintiff-"who proceed[ed] with arbitration-and obtained a favorable award-without notice" that defendant considered his position on Sue's testimony to be "a fundamental objection[.]"
 

 We also note that paragraph 20 does not require that the proceedings be halted; it requires only filing a timely written objection. We do not find the requirement of a timely, written objection to be absurd at all. During an arbitration hearing, which may not be recorded, requiring a written objection to be provided to the arbitrator either before the hearing or during the hearing would ensure (1) that the arbitrator and other party are aware that the objecting party believes a serious violation of the agreement may occur or is occurring; (2) that the objection is made prior to or at the hearing, or at the very least before the final award is entered, when the opposing party and arbitrator still have the opportunity to address it; and (3) that a clear record of the objection is made so that it may be reviewed by the trial court upon motion by a party to vacate the award or by the appellate court on appeal from the trial court's order. Most attorneys today are quite capable of preparing a typed, written document during a hearing, but if not, writing the objection on a piece of paper and handing a copy to the other party and to the arbitrator is still a perfectly valid means of making a written objection.
 
 [4]
 

 D. Defendant's Attorney's E-mail
 

 Defendant next argues that if a written objection was required, his emails to plaintiff's attorney satisfy that requirement. Plaintiff argues
 
 *143
 
 that defendant did not make this argument to the trial court, and although we have no transcript of the hearing, plaintiff is correct that defendant's motion does not allege that he made any sort of written objection, even by email. Furthermore, even defendant concedes his emails were addressed to plaintiff's attorney, and he does not assert that any written objections were filed "with the arbitrator" as is required by paragraph 20. In fact, plaintiff's attorney emailed defendant's attorney and stated she thought the arbitrator should be included in the emails regarding Sue's testimony, but defendant's attorney responded, "I would object to any email to [the arbitrator] on this matter."
 

 E. North Carolina General Statute § 50-54
 

 Defendant then broadly turns to North Carolina General Statute § 50-54(a), arguing the trial court properly vacated the decisions because the arbitrator "exceeded [his] power" and "committed an error of law prejudicing a party's, [his], rights." N.C. Gen.Stat. § 50-54(3), (8). We do not disagree with defendant's contentions that he had a right to be present for Sue's testimony, based upon paragraphs 11 and 15 of the consent order, the Rules of Civil Procedure and Evidence.
 
 [5]
 
 Furthermore, we do not disagree that his absence could be grounds for vacatur pursuant to North Carolina General Statute § 50-54(3) and (8) -except that rights can be waived-and under paragraph 20, defendant waived his right. Defendant's arguments still ignore the plain language of paragraph
 
 *624
 
 20 of the consent order, and defendant waived his right to raise these arguments by failing to file a timely written objection with the arbitrator.
 

 F. Summary
 

 As defendant waived his right to object to the circumstances of Sue's testimony prior to, during, and even after the arbitration-until after the award was announced-we conclude that defendant has also waived his right to challenge the arbitration decisions on this basis.
 
 See generally
 

 State v. Johnson,
 

 204 N.C.App. 259
 
 , 266,
 
 693 S.E.2d 711
 
 , 716-17 (2010) ("As a general rule, the failure to raise an alleged error in the trial court waives the right to raise it for the first time on appeal."). The trial court therefore erred in vacating the awards based upon the
 
 *144
 
 arbitrator's decision to receive testimony from Sue outside the presence of the parties.
 

 III. Conclusion
 

 We reverse the order of the trial court vacating the arbitration decisions and remand for further proceedings consistent with this opinion. We note that defendant raised other issues regarding the substance of the arbitration awards in his motion to vacate and we express no opinion on those issues. We also note that plaintiff's motion to confirm the awards still remains to be determined, as the order on appeal is reversed.
 

 Reversed and Remanded.
 

 Judges STEPHENS and DAVIS concur.
 

 [1]
 

 A pseudonym will be used to protect the daughter's identity.
 

 [2]
 

 The record does not reveal why the defendant's motion was not heard until nearly three years after it was filed.
 

 [3]
 

 Paragraph 13(a) of the consent order provides, "The hearing will be recorded by tape recording if elected by a party. The hearing will be opened by recording the date, time and place of the hearing; and the presence of the arbitrator, the parties, and their counsel." Both parties acknowledge in their briefs that plaintiff made an oral motion
 
 in limine
 
 that Sue testify outside the presence of the parties and that after hearing arguments from both sides, the arbitrator granted the motion. Although we have no transcript of either the arbitration or the hearing upon defendant's motion to vacate, the trial court found the facts as stated in the briefs, and these findings are not challenged on appeal, so we take them as true.
 

 [4]
 

 Defendant could also have filed a request to re-open the evidence even after completion of the hearing so that he could recall Sue to testify in his presence under paragraph 19: "
 
 Reopening Hearing.
 
 The hearing may be reopened on the arbitrator's initiative, or upon any party's application, at any time before the award is made. The arbitrator may reopen the hearing and shall have thirty (30) days from the closing of the reopened hearing within which to make an award." However, defendant chose not to invoke paragraph 19.
 

 [5]
 

 We are not asserting that defendant has shown how his exclusion from Sue's testimony prejudiced him. Defendant's attorneys were present and questioned Sue, and he failed to record the arbitration proceedings so that we may consider how her testimony may have differed in his presence. Although defendant did raise other objections to the arbitration award, defendant has not identified any substantive grounds which could have been affected by Sue's testimony.